**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**BARBRA FRYE,**

**Plaintiff,**

**v.** **Case No. 8:25-cv-2327-AAS**

**FRANK BISIGNANO,**
**Commissioner of**
**Social Security Administration,**

**Defendant.**
______________________________________/

**ORDER**

Plaintiff Barbra Frye requests judicial review of a decision by the Commissioner of Social Security (Commissioner) denying her claim for supplemental security income (SSI) under the Social Security Act, 42 U.S.C. § 405(g). After reviewing the record, including the transcript of the hearing before the Administrative Law Judge (ALJ), the administrative record, and the parties' papers, the Commissioner's decision is **REMANED.**

## I. PROCEDURAL HISTORY

On March 28, 2022, Ms. Frye applied for SSI alleging a disability onset of September 18, 2015. (Tr. 78, 304−312). Disability examiners denied Ms. Frye's application initially and on reconsideration. (Tr. 219−23, 225−28). Ms.

Frye disagreed with the decisions and filed a request for a hearing before an Administrative Law Judge (ALJ). (Tr. 233).

The ALJ issued an unfavorable decision to Ms. Frye on July 29, 2024. (Tr. 75–95). The Appeals Council denied Ms. Frye's request for review, which made the ALJ's decision final. (Tr. 1–7). Ms. Frye requests judicial review of the ALJ's July 29, 2024, decision. (Docs. 1, 18).

## II. NATURE OF DISABILITY CLAIM

### A. Background

Ms. Frye was 50 years old on the date she filed her SSI application and 53 years old on the date of the ALJ's decision. (Tr. 88, 306). Ms. Frye has at least a high school education and no past relevant work. (Tr. 88–89, 342–43).

### B. Summary of the ALJ's Decision

The ALJ must follow five steps when evaluating a disability claim.[1] 20 C.F.R. § 416.920(a). First, if a claimant is engaged in substantial gainful activity,[2] she is not disabled. 20 C.F.R. § 416.920(b). Second, if a claimant has no impairment or combination of impairments that significantly limit her physical or mental ability to perform basic work activities, she has no severe

[1] If the ALJ determines the claimant is disabled at any step of the sequential analysis, the analysis ends. 20 C.F.R. § 416.920(a)(4).

[2] Substantial gainful activity is paid work that requires significant physical or mental activity. 20 C.F.R. § 416.972.

impairment and is not disabled. 20 C.F.R. § 416.920(c); *see McDaniel v. Bowen*, 800 F.2d 1026, 1031 (11th Cir. 1986) (stating that step two acts as a filter and "allows only claims based on the most trivial impairments to be rejected"). Third, if a claimant's impairments fail to meet or equal an impairment in the Listings, she is not disabled. 20 C.F.R. § 416.920(d). Fourth, if a claimant's impairments do not prevent her from doing past relevant work, she is not disabled. 20 C.F.R. § 416.920(e). At this fourth step, the ALJ determines the claimant's residual functional capacity (RFC). *Id.* Fifth, if a claimant's impairments (considering her RFC, age, education, and past work) do not prevent her from performing work that exists in the national economy, she is not disabled. 20 C.F.R. § 416.920(g).

The ALJ found Ms. Frye had not engaged in substantial gainful activity since March 28, 2022, the application date. (Tr. 80). The ALJ found Ms. Frye had these severe impairments: degenerative disc disease of the lumbar spine, osteoarthritis of the cervical spine, cervical radiculopathy, residuals of right rotator cuff tear status post repair, left rotator cuff tear, left shoulder deformity of scapula with sclerosis, bilateral lesion of the plantar nerve, bilateral hallux valgus (bunions), depressive disorder, anxiety disorder, and post-traumatic stress disorder. (Tr. 81). However, the ALJ found Ms. Frye did not have an impairment or combination of impairments that meets or medically equals the severity of an impairment in the Listings. (Tr. 29).

The ALJ determined Ms. Frye had the RFC to perform light work,[3] with the following exceptions and limitations:

> [Ms. Frye] can never climb ladders, ropes, or scaffolds; occasionally crawl; and frequently stoop, kneel, reach, and handle. She can understand, remember, and carry out simple instructions. She can maintain attention, concentration, and pace for 2-hour increments in an 8-hour workday. She can respond appropriately to changes in the workplace that are occasional and gradually introduced. She can frequently interact with coworkers, supervisors, and the general public.

(Tr. 83). As the ALJ found Ms. Frye had no past relevant work, the ALJ relied on vocational expert testimony to find Ms. Frye could perform work existing in significant numbers in the national economy, including work as a marker, production assembler, and routing clerk. (Tr. 88–89). The ALJ thus concluded Ms. Frye was not disabled since March 28, 2022, the date the application was filed. (Tr. 89).

---

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls. To be considered capable of performing a full or wide range of light work, you must have the ability to do substantially all of these activities. If someone can do light work, we determine that he or she can also do sedentary work, unless there are additional limiting factors such as loss of fine dexterity or inability to sit for long periods of time." 20 C.F.R. § 416.967(b).

## III. ANALYSIS

### A. Standard of Review

Review of the ALJ's decision is limited to reviewing whether the ALJ applied correct legal standards and whether substantial evidence supports his findings. *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988); *Richardson v. Perales*, 402 U.S. 389, 390 (1971). Substantial evidence is more than a mere scintilla but less than a preponderance. *Dale v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005) (citation omitted). In other words, there must be sufficient evidence for a reasonable person to accept as enough to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citations omitted). The Supreme Court explained, "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154 (2019).

A reviewing court must affirm a decision supported by substantial evidence "even if the proof preponderates against it." *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (citations omitted). The court must not make new factual determinations, reweigh evidence, or substitute its judgment for the Commissioner's decision. *Id.* at 1240 (citation omitted). Instead, the court must view the whole record, considering evidence favorable and unfavorable to the Commissioner's decision. *Foote*, 67 F.3d at 1560; *see also Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (citation omitted)

(stating that the reviewing court must scrutinize the entire record to determine the reasonableness of the Commissioner's factual determinations).

**B. Issue on Appeal**

Ms. Frye raises a single issue on appeal: whether the ALJ erred by failing to address all medical opinion evidence. (Doc. 18, p. 3). Specifically, Ms. Frye argues "[b]ecause the decision did not address the opinions of the medical experts that the claimant would have significant reduced range of motion in her shoulders and would have limitations with fingering bilaterally, the decision was in error." (*Id.* at 6).

**C. The ALJ's Decision is Not Based on Substantial Evidence**

"In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments." *Mitchell v. Comm'r of Soc. Sec.*, No. 8:23-CV-2141-DNF, 2024 WL 5327915 at *3 (M.D. Fla. Sept. 11, 2024). "[T]he ALJ must 'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Id.* (quoting *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015)).

Ms. Frye claims the ALJ's RFC is not supported by substantial evidence because "the decision did not address the opinions of medical experts that the claimant would have significant reduced range of motion in her shoulders and would have limitations with fingering bilaterally." (Doc. 18, p. 6).

"In determining the claimant's residual functional capacity, the [ALJ was] generally persuaded by the assessments of State agency medical consultants, Minal Krishnamurthy, M.D., and Christine Booth M.D." (Tr. 87). Dr. Krishnamurthy and Dr. Booth both completed a Disability Determination Explanation form. (Tr. 191−198; 199−207). The form asks the doctor whether the individual has manipulative limitations and, if so, provides a chart for the doctor to note the manipulative limitation and rate the limitation. In both doctors' medical opinions, they notate Ms. Frye's "fingering (fine manipulation)" with a rating of "limited both [hands]." (Tr. 196, 205).

Immediately after the chart the doctor is asked to explain the manipulative limitations and how and why the evidence supports the doctor's conclusion. Both Dr. Krishnamurthy and Dr. Booth explain Ms. Frye's reaching and handling limitation, but do not further describe Ms. Frye's manipulative limitations related to fingering. (Tr. 196, 205).

Ms. Frye contends, although the doctors did not indicate to what extent Ms. Frye's fingering ability was limited, the ALJ should have discussed the limitation. (Doc. 18, p. 5). The Commissioner argues that Ms. Frye "ignores that neither doctor concluded those fingering limitations resulted in work limitations that needed to be included in the RFC. Instead, they explicitly found that the functional limitations were frequent reaching and handling." (Doc. 21, p. 8).

There is no dispute that the ALJ did not discuss any potential fingering limitation. (Doc. 21, p. 8). Having found Dr. Krishnamurthy's and Dr. Booth's opinions generally persuasive, the ALJ should have provided an explanation for why the RFC did not include a fingering limitation. *See Vigilante v. Kijakazi*, No. 8:21-CV-2042-TGW, 2022 WL 23014736 at *5 (M.D. Fla. Sept. 13, 2022) (finding reversible error because the ALJ's "analysis of the state reviewers' opinions does not include explicitly, or implicitly, an assessment of their opinions regarding the plaintiff's workplace noise limitation."). Without any explanation, the court is unable to determine whether the exclusion of fingering limitations is supported by substantial evidence. *Rios v. Acting Comm'r of the Soc. Sec. Admin.*, No. 8:22-CV-1084-MCR, 2023 WL 5926916 at *7 (M.D. Fla. Sept. 12, 2023) (finding the ALJ erred by neglecting without explanation certain limitations included in medical opinions the ALJ found persuasive). The court cannot conclude the ALJ considered the claimant's medical conditional as a whole. *See Kelley v. Comm'r of Soc. Sec.*, No. 8:22-CV-1560-JSS, 2023 WL 5273571 at *4 (M.D. Fla. Aug. 16, 2023) ("In formulating the RFC, the ALJ is not required to refer to every piece of evidence so long as the ALJ provides sufficient reasoning for the reviewing court to evaluate whether the ALJ considered the claimant's medical condition as a whole."). Therefore, the ALJ erred by failing to address or discuss any potential fingering limitations.

The court must also consider whether the error was harmless. "Courts have applied the harmless error rule to social security cases and will not remand for further findings where doing so would be a wasteful corrective exercise." *Mitchell*, 2024 WL 5327915 at *4 (internal quotation and citation omitted). Upon review, the court cannot say the error was harmless because the ALJ did not address the fingering limitation and there is no further indication how extensive the fingering limitation could be if the ALJ conducted the proper analysis. If the court speculates otherwise, it would impermissibly reweigh the evidence and substitute its judgment for that of the Commissioner's.

For example, after the ALJ proposed a hypothetical question to the vocational expert, with no reference to any fingering limitations, the vocational expert testified Ms. Frye would be able to perform the job functions of a Marker, Production Assembler, and Routing Clerk. (Tr. 89). The ALJ relied on this testimony to conclude "the claimant is capable of making a successful adjustment to other work that exists in significant numbers in the national economy." (Tr. 89).

The essential functions of the identified jobs each lists the fingering requirement as follows: "Fingering: Frequently – Exists from 1/3 to 2/3 of the time." *See* Marker, DOT 209.587-034, 1991 WL 671802; Production assembler, DOT 706.687-010, 1991 WL 706.687-010; Routing clerk, DOT 222.687-022,

1991 WL 672133. The court cannot say the error was harmless because the ALJ did not acknowledge the "limited" fingering rating included in the State medical consultants generally persuasive medical opinions. *See Vigilante*, 2022 WL 23014736 at *5 (explaining "appropriate judicial review is not possible absent the ALJ sufficiently explaining the evaluation of "obviously probative exhibits"). Presuming that the error was harmless because the ALJ would have discounted the fingering limitation or found the limitation to be within the fingering requirements of the identified jobs would impermissibly substitute the court's judgment for that of the ALJ's. *See McVey v. Saul*, No. 8:18-CV-2304-T-SPF, 2020 WL 2570073 at *9 (M.D. Fla. May 21, 2020) ("The Court cannot say this error is harmless without re-weighing the evidence, which would invade the province of the ALJ.").

Considering the above findings, the court need not address the remaining claim of error related to Ms. Frye's alleged shoulder limitations. *See, e.g., Demench v. Sec'y of Dep't of Health & Human Servs.*, 913 F.2d 882, 884 (11th Cir. 1990) (declining to address the plaintiff's remaining arguments due to conclusions reached in remanding the case); *Jackson v. Bowen*, 801 F.2d 1291, 1294 n.2 (11th Cir. 1986) (stating it is unnecessary to review other issues raised on appeal where remand is required and such issues will likely be reconsidered in the further proceedings); *Francis v. Saul*, No. 8:18-CV-2492-T-SPF, 2020 WL 1227589, at *4 (M.D. Fla. Mar. 13, 2020) (holding that the

plaintiff's remaining issues need not be addressed because the case is being remanded to the Commissioner); *Bekiempis v. Colvin*, No. 8:16-cv-192-T-27TGW, 2017 WL 459198 at *5 (M.D. Fla. Jan. 17, 2017) (finding it appropriate to pretermit discussion of two other contentions raised by the claimant because of a remand, which would generate a new decision).

## IV. CONCLUSION

Accordingly, the Commissioner's decision is **REMANDED**, and the Clerk is directed to enter judgment in favor of the Plaintiff.

**ORDERED** in Tampa, Florida on August 10, 2026.

Amanda Arnold Sansone

AMANDA ARNOLD SANSONE
United States Magistrate Judge